UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>*Plaintiff*,<br><br>v.<br><br>TRANS EXPRESS, INC.,<br><br>*Defendant.* | Complaint<br><br>Civil Action No. 19-1423 |

Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor (the "Secretary"), by and through undersigned counsel, brings this action pursuant to Section 16(c) and Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq.*) ("the Act" or "the FLSA"), alleging that Defendant Trans Express, Inc. violated Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act, to recover back wages and liquidated damages; to enjoin acts and practices that violate the provisions of the FLSA; and to obtain other appropriate relief.

Defendant, which operates a shuttle transportation service based in Brooklyn, New York, has repeatedly violated the FLSA by failing to pay its employees required overtime premiums and by failing to maintain certain time and pay records. Defendant has paid and continues to pay its shuttle drivers and "matrons," individuals who assist passengers on certain shuttle routes, flat day rates without regard to how many hours such employees have worked in given workweeks. From at least March 12, 2017 through the present, defendant has not paid proper overtime to its employees who typically and regularly worked well more than 40 hours per workweek.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in the United States District Court for the Eastern District of New York because a substantial part of the events and/or omissions giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

### The Parties

3. Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages sand is the proper plaintiff for this action.

4. Defendant Trans Express, Inc. ("Trans Express") is a corporation organized under the laws of the state of New York, having its principal place of business at 150 Conover Street, Brooklyn, New York within the jurisdiction of this Court, where it is engaged in the business of operating a shuttle transportation service.

5. Defendant Trans Express has regulated the employment of all persons employed by it and acted directly and indirectly in the corporation's interests in relation to its employees, and is thus an employer of its employees within the meaning of Section 3(d) of the Act.

### Defendant Is An Enterprise Engaged in Commerce

6. The business activities of Defendant, as described herein, are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the Act.

7. Defendant has employed or is employing employees as shuttle bus drivers and matrons, including those employees listed in Exhibit A, in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including the employment of employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person, such as shuttle vehicles, computers, and other office supplies.

8. The enterprise has an annual gross volume of sales made or business done in an amount not less than $500,000 for the period covered by this Complaint.

9. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act.

### Defendant's Pay Practices

10. During the relevant time period from at least March 12, 2017 through the present ("the relevant time period"), Defendant employed employees in several job categories including, but not limited to, shuttle drivers and matrons.

11. Shuttle drivers' duties include driving shuttle vehicles to pick up and drop off passengers for or on behalf of Defendant Trans Express's corporate clients on routes set by Defendant Trans Express.

12. Matrons' job duties include assisting passengers on the shuttles on some of the routes run by Defendant Trans Express.

13. None of the routes require Defendant Trans Express's shuttle drivers and matrons to leave the state of New York.

14. Defendant Trans Express's shuttle drivers and matrons in fact never leave the state of New York as part of their job duties.

15. For example, several routes remain solely within the Bronx, with all pick up and drop off locations within the Bronx.

16. Other routes are wholly limited to Brooklyn, while others include stops and travel exclusively within and between Brooklyn and Queens.

17. Defendant paid its employees flat day rates ranging from approximately $100.00 per day to $190.00 per day without regard to how many hours they worked in a day or in a workweek.

18. During the relevant time period, Defendant paid its employees their wages by check.

19. During the relevant time period, many of Defendant's employees typically worked approximately five to six days per workweek.

20. During the relevant time period, many of Defendant's employees typically worked approximately 8 to 10 hours per day.

21. During the relevant time period, many of Defendant's employees typically worked approximately 45 to 60 hours per workweek.

22. For example, for the workweek ending October 26, 2017, a driver with a route solely within the state of New York worked for 5 days, approximately 55 hours, and was paid $150 per day, for a total of $750 without any overtime premium payment for the hours in excess of 40.

23. By way of further example, for the workweek ending December 21, 2017, another driver with a route solely within the state of New York worked for 5 days, approximately 56 hours, and was paid $160 per day, for a total of $800 without any overtime premium payment for the hours in excess of 40.

24. For all workweeks, Defendant compensated its employees at their regular day without regard to how many hours they worked per workweek.

25. For all workweeks, Defendant compensated its employees at their regular rate for all hours worked regardless of the amount of hours worked in excess of forty hours in a workweek.

26. As a result, Defendant failed to compensate at least sixty-six (66) former and current employees for work performed in workweeks longer than forty hours at a rate not less than one and one-half times the regular rate at which they were employed.

**Defendant's Record Keeping Practices**

27. Defendant was required to make, keep and preserve records of the persons employed by them, including, but not limited to, full employee names and addresses, total hours worked each workday and workweek, regular hourly rates of pay and total regular and overtime wages paid each pay period for a period of three years and make them available for inspection by the Department of Labor upon request.

28. Defendant was required to make, keep and preserve all time and earnings records which contain daily starting and stopping times of individual employees for a period of two years and make them available for inspection by the Department of Labor upon request.

24. During the relevant time period, Defendant failed to keep and/or preserve adequate and accurate records, including employees' regular hourly rate of pay and total premium pay for overtime hours.

29. On or about October 2016, the Department of Labor Wage and Hour Division, opened an investigation into Defendant's compliance with the FLSA.

30. During the investigation, the Department of Labor requested the production of all required records from Defendant. None of Defendant's records contained employees' regular rates, overtime hours, or overtime rates paid.

## FIRST CAUSE OF ACTION

### Violation of Sections 7(a) and 15(a)(2) of the FLSA, Failure to Pay Overtime

31. The Secretary incorporates by reference and realleges the allegations in paragraphs 1 through 30.

32. Defendant has repeatedly violated Sections 7 and 15(a)(2) of the Act by employing at least 66 former and current employees for workweeks longer than forty hours without compensating the employees at a rate not less than one and one-half the regular rate at which they were employed.

33. Accordingly, Defendant is liable for unpaid overtime compensation and an equal amount in liquidated damages pursuant to Section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under Section 17 of the Act.

## SECOND CAUSE OF ACTION

### Violation of Sections 11(c) and 15(a)(5) of the FLSA, Recordkeeping

34. The Secretary incorporates by reference and realleges the allegations in paragraphs 1 through 30.

35. Defendant has repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that Defendant failed to make, keep, and/or preserve adequate and accurate records,

including regular hourly rate of pay and total premium pay for overtime hours, as prescribed by the regulations issued and found at 29 CFR Part 516.

## RELIEF REQUESTED

**WHEREFORE**, cause having been shown, Plaintiff respectfully prays for judgment against Defendant providing the following relief:

(1)   An injunction issued pursuant to Section 17 of the Act permanently restraining Defendant, its officers, agents, employees, and those persons in active concert or participation with Defendant, from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act;

(2)   An order pursuant to Section 16(c) of the Act finding Defendant liable for unpaid overtime compensation found due Defendant's employees listed on the attached Exhibit A;

(3)   An order pursuant to Section 16(c) of the Act finding Defendant liable for an equal amount of liquidated damages (additional overtime compensation and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this Complaint); or in the event liquidated damages are not awarded, prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

(4)   An order compelling Defendant to reimburse the Secretary for the costs of this action; and

(5)   An order granting such other relief as the Court may deem necessary or appropriate.

DATED:     March 12, 2019
           New York, New York

                                         KATE S. O'SCANNLAIN
                                         Solicitor of Labor

                                         JEFFREY S. ROGOFF
                                         Regional Solicitor

                                         <u>s/ Molly K. Biklen</u>
                                         MOLLY K. BIKLEN
                                         Counsel for Wage and Hour

                                         U.S. Department of Labor
                                         Office of the Solicitor
                                         201 Varick Street, Room 983
                                         New York, NY 10014
                                         Tel: 646.264.3676
                                         Fax: 646.264.3660
                                         biklen.molly@dol.gov

                                         Attorneys for Plaintiff Secretary of Labor
                                         R. Alexander Acosta

Certificate of Service

I certify that on March 12, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and further certify that I have e-mailed the foregoing to:

> Rachel Cowen, Esq.
> Counsel for Defendant
> McDermott Will & Emery LLP
> 444 West Lake Street, Suite 4000
> Chicago, IL 60606
> rcowen@mwe.com

> s/Molly K. Biklen
> Molly K. Biklen